HON. RALPH I. GREENHOUSE County Attorney, Onondaga County
This is in response to the letter of Diane Tucker, Deputy County Attorney, wherein she asks for an opinion of the Attorney General whether or not pursuant to provisions of Lien Law, § 73, where a Notice of Lending is filed in the county clerk's office should such a filing be in the Miscellaneous Records or in the Mechanics Lien Docket.
Lien Law, § 73(3), provides in part:
 "3. If funds are advanced to or on behalf of a trustee, for the purposes of the trust, either the trustee or the person advancing the funds may file a `Notice of Lending' as provided in this subdivision. In the case of advances to an owner or to a contractor or subcontractor for an improvement of real property, the notice shall be filed in the office of the county clerk of the county where the real property improved or to be improved is situated. * * *"
Lien Law, Article 3-A, which contains section 73(3), was adopted in 1959 pursuant to recommendations by the Law Revision Commission, whose memorandum in reference thereto stated:
 "Section 73 defines the affirmative defense, described above, available to a transferee in an action to set aside a transfer of diverted assets or recover for the diversion and to a trustee in an action to charge him personally for breach of trust. It also provides for filing of the `Notice of lending' which is a prerequisite to the affirmative defense and prescribes its contents and place of filing. The provisions governing place of filing follow the provisions of sections 15 and 16 governing place of filing of assignments of contracts for improvements of real property and assignments of contracts for public improvements. * * *" (Emphasis supplied.) (McKinney's 1959 Session Laws of New York, 1601, 1610.)
Lien Law, § 15, regarding the assignments of contracts and orders to be filed, provides:
 "* * * Such clerk shall enter the facts relating to such assignment or order in the `lien docket' or in another book provided by him for such purpose."
Lien Law, § 16, contains a similar provision.
We assume that the recommendations by the Law Revision Commission were followed by the State Legislature, hence the filing procedure for a Notice of Lending should be the same as those liens discussed in Lien Law, §§ 15 and 16.
Lien Law, § 10, provides that the county clerk of each county shall keep a book called the "Lien Docket." The notice of lien is to be filed in the clerk's office of the county wherein the property is situated.
From all of the foregoing, we conclude that a Notice of Lending should be filed in the Lien Docket or another book provided by the county clerk for such purpose to apprise the interested public of such a lien.